IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| Mary Louise Serafine, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. l:19-CV-641-LY |
| | § | |
| David Puryear et al., | § | |
| | § | |
| Defendants. | § | |
| | § | |

**PLAINTIFF'S VERIFIED, EMERGENCY MOTION FOR
TEMPORARY RESTRAINING ORDER AGAINST THE 200th JUDICIAL DISTRICT,
TRAVIS COUNTY CIVIL DISTRICT COURT**

TO THE HONORABLE LEE YEAKEL:

This motion is accompanied by the Declaration of Mary Louise Serafine, providing more detailed facts, and exhibits and a proposed TRO containing suggested factual findings.

Pursuant to the All Writs Act, codified at 28 U.S.C. §1651,[1] and Federal Rule of Civil Procedure 65, Plaintiff Mary Louise Serafine respectfully asks the Court to issue, on an emergency basis, a temporary restraining order. The TRO, and possibly later a preliminary injunction, are necessary to maintain this Court's jurisdiction over the instant matter, and the jurisdiction of the Fifth Circuit Court of Appeals over the prior matter, which was appealed in

---

[1] The All Writs Act provides:

(a)The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.
(b)An alternative writ or rule nisi may be issued by a justice or judge of a court which has jurisdiction.

-1-

January, 2019.  Both federal courts have adjudications in progress.

Plaintiff asks to restrain "the 200th Judicial District," of the Travis County Civil District Court because it threatens imminently to dispose completely of the state court matter underlying the federal actions in this Court and the Court of Appeals.  If the underlying case is terminated before either federal court awards relief, the termination will almost certainly deprive both courts of federal jurisdiction.  That is so because Plaintiff seeks only prospective relief in federal court, which is all that Section 1983 provides.  If there is no continuing matter to which any prospective relief applies, both federal courts will lose jurisdiction to award any prospective relief.  This is so under the *Rooker-Feldman* doctrine and under 28 U.S.C. § 1257, as it has been interpreted.

Plaintiff's underlying state court case (the "State Court Case") is *Serafine v. Blunt et al.*, Cause No. D-1-GN-12-001270 in the 200th Judicial District of the Travis County Civil District Court.[2]  This motion defines "the 200th Judicial District" to include judges presiding over the State Court Case.  The "200th Judicial District," therefore, includes Defendant Judge Karin Crump, apparently now the former presiding judge, and the Honorable Lora J. Livingston, the current and recently-assigned presiding judge for that same Cause "12-1270."  The phrase "200th Judicial District" also includes all those acting in concert with the foregoing court or judges.

---

[2] The Court may recall that Travis County employs a Central Docket in which, generally, the civil district judges rotate among differently-numbered courts, and the various hearings of a particular case rotate among the differently-numbered courts.  That each case bears the number of a particular Judicial District Court (such as the 200th here) is for *pro forma* purposes only.  It does not indicate either the court or judge before whom the various proceedings in a case may be heard.  Thus, as a rule, no single court is responsible for advancing a particular case to finality.

The State Court Case has been the focal point and concern of the federal cases for the past two years. As further detailed in the Declaration of Serafine, the 200th Judicial District is poised to completely dispose of the underlying state court case, and will take evidence to do so, in four days, in a single two-hour setting. The 200th Judicial District would be acting on the demands made by a defendant in the State Court Case who is not a party before this Court.

But the state-court defendant has, for unknown reasons, demanded draconian steps to dispose of the case immediately, meanwhile limiting Plaintiff's ability to present evidence or defend against it.

It is important to note that Plaintiff's mention by name of any particular judge implies no disparagement whatever. In particular, nothing here impairs the long-standing, excellent judicial reputation of Judge Livingston.

But the recent, unexpected activity in the State Court Case threatens imminently to terminate this Court's and the Fifth Circuit's jurisdiction over the instant case and the case of *Serafine v. Crump et al.* as its review is in progress at the appellate court. It is unclear to the undersigned whether sufficient, correct information has reached the 200th Judicial District.

This TRO has the aim only of maintaining the status quo, and if necessary a preliminary injunction should issue to that effect.

Both federal courts' jurisdictions should be protected in this Section 1983 matter. More generally, both courts should protect their jurisdiction over this particular type of 1983 matter, which calls for an interpretation of that section's plain language as it applies to state court judges.

## SUMMARY OF FACTS

The now-presiding new judge of the 200th Judicial District has announced that this Monday, November 18, 2019, it will hear all discovery and substantive issues in the case, after first disposing of Plaintiff's motion to stay. The case likely will be adjudicated then and there, or soon after. Serafine has objected to the setting and filed a motion to stay the state court proceeding, for several reasons including comity with the federal courts. However the 200th Judicial District indicated it would decide the motion to stay at the same hearing in which it would decide the substance. There is a strong implication that the stay will be denied. Serafine also filed a second motion—in the event the court does deny the stay—to continue the substantive part of the hearing. The purpose of the partial continuance, Plaintiff urged, was to allow time for Plaintiff to seek emergency review of the state court's denial of stay, if indeed it does so.

The state trial court, Plaintiff urged, should not issue an un-reviewable order that interferes with the relief Plaintiff has sought for two years in the federal courts.

With the state court announcing that it will take up the motion to stay at the start of the hearing on substantive issues, the state court advised counsel to

> come prepared...in the event that the stay is denied, to be heard on
> the [discovery disputes and substantive issues].

Letter-order of 11/6/2019.

Counsel were also instructed to file their requests on the substantive issues by yesterday, November 13, 2019.

In sum, with the state court's having not granted Plaintiff's motions to stay or at least

continue the substantive adjudication while the federal courts still have jurisdiction, Plaintiff will almost certainly not be permitted to seek emergency review and the State Court Case will be terminated, with loss of federal jurisdiction.

Federal courts are permitted under Section 1983 to award only prospective relief, in forthcoming proceedings; federal courts almost always have no jurisdiction to interfere with a state court judgment once it has entered. The bottom line is that, imminently, the state court is poised to eliminate both federal courts' jurisdiction. Or, at a minimum, the state and federal courts will be in conflict, with much confusion.

The time for any action by this Court is when the state court, as now, has not yet made a substantive ruling or order. The impending harm to Serafine otherwise will be irreparable, without remedy at law, and accomplished in four days. Two hours has been set aside for the entirety of the three o'clock hearing on Monday, November 18, 2019.

Only one defendant in the State Court Case (the Blunts) has demanded this draconian plan, for unknown and inexplicable reasons. That defendant revived the state case on October 16, 2019, without notice. Immediately it demanded that everything be decided quickly at a single hearing. It repeatedly emphasized immediacy. Serafine is the only party who stands to gain from the State Court Case, which has been mandated to award fees and sanctions in Serafine's favor, against these very defendants.

It is unclear why the defendant who will owe Serafine money has, after two years of silence, suddenly demanded immediate adjudication in two hours. The same party has demanded for itself $0 in sanctions.

## ARGUMENT

This Court can enjoin a state court or state judge, in order to preserve its jurisdiction. It should grant the TRO requested here.

***What the TRO would do.***

The TRO requested here would temporarily (1) bind the state court proposing to terminate the State Court Case—that is, the Travis County Civil District Court for the 200th Judicial District; (2) bind the newly-appointed presiding judge of the State Court Case (replacing Judge Karin Crump), that is, the Honorable Lora J. Livingston; and (3) bind Defendant Judge Crump—who formerly presided over the State Court Case—and all those in concert with her.

The purpose of the TRO is to maintain the status quo for 14 days so that federal jurisdiction is maintained while the matter is sorted out, information is shared, and the state court, likely, can apply its customary comity. For example, recently in a Travis County case, the state court stayed its hand while a matter affecting that case proceeded through the federal court. It is unclear what the 200th Judicial District believes about the Federal Actions, at this point without a hearing.

***Standard of Review***

The Court's grant of an injunction is reviewed for abuse of discretion, and its underlying issues of law are reviewed de novo. *Newby v. Enron Corp.*, 302 F.3d 295, 301 (5th Cir. 2002).

Authority to issue the TRO requested here lies in the All Writs Act, which provides that the Court "may issue all writs necessary or appropriate in aid of [its]...jurisdiction[]...." 28 U.S.C. §1651. At the same time, the Court's power is cabined by the Anti-Injunction Act, under which the Court "may not grant an injunction to stay proceedings in a State court except as

expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction...." 28 U.S.C. § 2283.  Here, both of those exceptions apply—the civil rights exception expressly authorized by Congress, and the exception "where necessary in aid of its jurisdiction."

The first exception applies because the case proceeds under Section 1983.  That section is an act that Congress expressly authorized the federal courts to enforce against state courts. *Mitchum v. Foster*, 407 U.S. 225, 242-43 (1972)(Congress expressly authorized 1983 as an exception because "federal injunctive relief against a state court proceeding can in some circumstances be essential to prevent great, immediate, and irreparable loss of a person's constitutional rights").  The "circumstances" to which the court refers are those here.

During legislative debates surrounding even the predecessor of § 1983, it was clear that the Act was intended to enforce the Fourteenth Amendment "against State action, . . . whether that action be executive, legislative, or judicial." *Ibid*.  This is such a case because the operative complaint plausibly alleges "Defendants' consistent, repeated failure to comply with the most minimal requirements of the Fourteenth Amendment."  Doc. 20 ¶24.

The second exception applies because "[i]t is a given that the court, with jurisdiction over [the case in question] had subject matter jurisdiction to issue an injunction to preserve and protect its jurisdiction." *Newby v. Enron Corp.*, 302 F.3d 295, 300-301 (5th Cir. 2002).

***Conflicts created by a unilateral "rush to judgment"***

According to the First Amended Complaint, Doc. 20, Defendant Judge Karin Crump acts in concert with and has communicated about this case with Judge Livingston.  Defendant Judge Crump, for example, filed a document authored and signed by Judge Livingston, Doc. 31-2, as part of Defendant Crump's motion to dismiss.  Doc. 31.  Plaintiff had originally asked the Local

Administrative Judge to decline to assign as a "single judge" any of the handful of judges mentioned in the complaint as aiding Judge Crump. But the case is now in a posture where the colleague(s) or even collaborators of one or more defendants here stands to benefit Defendant Crump by eliminating jurisdiction of the federal courts in which the defendant has been sued.[3]

***No party in this case can adjudicate the State Court Case.***

Setting aside undercutting the federal courts' jurisdiction, Federal Rule 25(d) automatically substitutes Judge Livingston for Judge Crump in her official capacity as a party to this case. Under Rule 25(d), the instant "action does not abate" on account of the assignment of a new presiding judge, but the "successor is automatically substituted as a party, [and] [l]ater proceedings should be in the substituted party's name." Fed. R. Civ. P. 25(d).[4]

Both state and federal courts have found that their respective successor rules apply to judges. Judges are public officers. *Burgess v. Williams* 302 F.2d 91, 93 (4th Cir. 1962)("There is no reason to doubt that federal district judges, who are of course public officers, come within this rule."),[5] It wholly improper for a party to adjudicate the very case in which it is sued.

---

[3] This repeats what Plaintiff recently opposed here—that Defendant Crump signed an order in the now-removed case, as "presiding judge" of the same case in which she was a defendant.

[4] Federal Rule of Civil Procedure 25(d) provides:

PUBLIC OFFICERS; DEATH OR SEPARATION FROM OFFICE.

An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party. Later proceedings should be in the substituted party's name, but any misnomer not affecting the parties' substantial rights must be disregarded. The court may order substitution at any time, but the absence of such an order does not affect the substitution.

[5] *See also* U.S. v. Adcock, 2 F.3d 1153, 1153 (7th Cir. 1993)(the comparable Rule 25(d) of Federal Rules of Criminal Procedure authorize "use of a successor judge"; "[w]hen Judge

This is only one of the far-reaching questionable issues that will face both courts if the state court does not stand down temporarily in these circumstances.

Even if a judge other than Judge Crump is not a party under Rule 25(d), Rule 65(d)(2)(C) would likely apply.[6]  Yet again, this would also be a waste of resources and a jumble of procedural confusion while the state court takes precipitous action.

***Plaintiff will likely suffer imminent and irreparable injury.***

Simply put, if the 200th Judicial District closes the case, it will eliminate the jurisdiction of any federal court who might award Serafine relief.  The injury—as a matter of law—is both imminent and irreparable.[7]

***There is no adequate remedy at law.***

Damages are virtually never available in federal courts against state judges.  The only exception—that damages might be available against private parties colluding with state actors—is not at issue here because no private parties are involved in the Federal Cases.  Likewise, federal courts lack jurisdiction to reverse state court judgments under the *Rooker-Feldman* doctrine and 28 U.S.C. §1257, as interpreted.

---

Dillin realized that he would be absent from the sentencing hearing, he asked Judge Tinder to take his place").

[6] Under Rule 65(d)(2)(C), an injunction binds "other persons who are in active concert or participation with [the parties and their attorneys]." Fed.R.Civ.P. 65(d)(2)(C).  *See also Waffenschmidt v. MacKay*, 763 F.2d 711, 717 (5th Cir.1985)("injunction binds not only the parties subject thereto, but also nonparties who act with the enjoined party").  If necessary, a district court should determine whether a non-party was or is in active concert or participation with a party.  *State Indus. Products Corp. v. Beta Technology Inc.*, 575 F.3d 450, 458 (5th Cir. 2009)(remand ordered to determine whether role of non-party bound him to consent judgment).

[7] Plaintiff does not waive the possibility that a different theory may apply to this question and change this result.

*There is a substantial likelihood that Plaintiff will prevail on the merits.*

The undersigned understands the the Court has already ruled that *Rooker-Feldman* doctrine bars this case. But it should be noted that Defendant Crump explicitly abandoned *Rooker-Feldman* on appeal, and all Defendants substituted various other theories that this Court had already declined to employ when the case was below. In short, Defendants multiple theories—judicial immunity, "official" immunity, *Younger or Colorado River* abstention, and so on, have been declined here or abandoned there.

Plaintiff maintains that Section 1983 means what it says. This Court has determined that Plaintiff was wrong. But the Court has never implied that the dismissal was an un-reviewable decision. That is the question here.

*There is no reason to rush to adjudicate and close the State Court Case.*

Plaintiff's opponents in the State Court Case have given no good reason to rush to close this case, except that time has passed. And, it appears, they hope to maneuver an instant decision, in which the amount they owe Serafine will be reduced, with zero sanctions.

*Threatened harm to Plaintiff outweighs the harm of a TRO.*

At a minimum a 14-day TRO does no harm compared to the two-year dormancy of the State Court Case. Certainly the demands of justice militate against an almost-immediate hearing that decides the whole case in a matter of minutes. With a TRO, the status quo can be maintained while a rational decision is made.

*Issuance of a TRO would not adversely affect the public interest and public policy.*

If anything, the public interest favors the chance for our Circuit to decide this case. Other cases have demonstrated grounds for federal courts to abstain from affecting state court cases,

but those have been state cases that are criminal cases or close to criminal cases, such as those involving moral turpitude such as parental abuse, some disbarments, etc. The instant case has none of those characteristics.

## Conclusion

The state court threatens to eliminate the opportunity for this Court and the Fifth Circuit to follow through on a federal civil rights case that, after two years of hard work, will likely lose their jurisdiction in the immediate future. The Court should issue the TRO to maintain the status quo for 14 days while it decides if a preliminary injunction is necessary to maintain both federal courts' jurisdiction over this type of case or to carry out a judgment.

This TRO involves no monetary damages. Plaintiff should post a nominal bond in the amount of $1.00. Plaintiff asks the Court to set a hearing for a preliminary injunction.

Respectfully submitted,

*M. L. Serafine*
By  /s/ M.L. Serafine
Mary Louise Serafine
State Bar No. 24048301
Mary Louise Serafine, Attorney & Counselor at Law
P.O. Box 4342, Austin, Texas  78765
Tel: 512-220-5452
Email: serafine@mlserafine.com
***Attorney for Plaintiff***

## Certificate of Conference

There is a genuine issue as to whether the undersigned, as a party now in the state case before Judge Livingston, risks engaging in *ex parte* communication with the judge by communicating with the counsel who likely would represent her. Therefore, I did not confer with Mr. Nelson about whether Judge Livingston would consent to this TRO, which is highly unlikely in any event. I will alert him, however.

## Certificate of Service

Pursuant to Federal Rule of Civil Procedure 5(a) and (b) and Local Rule CV-5, the foregoing document has been filed and simultaneously served through the Court's electronic filing system on the counsel below on this the 14th day of November, 2019.

Courtney Corbello, Esq., Assistant Attorney General
Law Enforcement Defense Division
Office of the Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 463-2080 / Fax (512) 370-9374
*Attorneys for Defendants the Hon. David Puryear,*
*the Hon. Melissa Goodwin, the Hon. Bob Pemberton*

Anthony J. Nelson, Esq.
Patrick Pope, Esq.
OFFICE OF DAVID A. ESCAMILLA
TRAVIS COUNTY ATTORNEY
P. O. Box 1748
Austin, Texas 78767
(512) 854-9415
(512) 854-4808 FAX
*Attorneys for Defendant the Hon. Karin Crump*

By: /s/ M.L. Serafine
Mary Louise Serafine
State Bar No. 24048301